UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN EARL LARSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>IDAHO STATE UNIVERSITY,<br><br>　　　　　Defendant. | Case No. 1:20-CV-00573-MDH |

**ORDER**

Before the Court is Defendant Idaho State University's ("ISU") Motion for Reconsideration or Alternative Petition for Certification for Appeal. (Doc. 26). Defendant ISU moves the Court to reconsider its prior Order denying ISU's Motion for Summary Judgment (Doc. 25). For the reasons set forth herein, the Motion (Doc. 26) is **DENIED**.

BACKGROUND

This matter involves the claims of disability discrimination by Plaintiff ("Larson") under applicable federal and state law. ISU moved for summary judgment on January 14, 2022, arguing that Larson could not prove the required elements of disability discrimination. The Court found, as detailed in its Order denying ISU's motion for summary judgment (Doc. 25), that genuine issues of material fact in the instant case precluded summary judgment on Larson's discrimination claims. The Court indicated that Larson had created a triable issue as to whether ISU failed to accommodate his disability. The Court also concluded that Larson had created a triable issue over whether he was constructively discharged. Finally, the Court found that there was a triable issue

1

over whether the adverse employment actions Larson alleged were causally connected to his claimed disability, or, for purposes of his retaliation claim, filing of a charge of discrimination with the Idaho Human Rights Commission (IHRC).

ISU now requests through the instant Motion that the Court revisit its Order. ISU asserts that this relief is warranted because the Court did not apply the *McDonnell Douglas* framework in its discussion of causation as is required in disability discrimination cases. ISU also argues that, with respect to Larson's failure-to-accommodate claim, the Court did not properly apply the standards applicable to allegations of delayed accommodation. In the alternative, ISU seeks certification of the Order as final for the purposes of pursuing an interlocutory appeal.

## STANDARD

While there is no federal rule expressly authorizing a motion for reconsideration of an interlocutory order, courts have concluded "that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment." *Vonbrethorst v. Washington County, Idaho*, No. CV06-0351-EJL, 2008 WL 3465262, *1 (D. Idaho Aug. 12, 2008) (*citing Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979)). One of the recognized grounds for reconsideration is the "'need to correct a clear error or to prevent manifest injustice.'" *Id.* (*quoting Louen v. Twedt*, 2007 WL 915226 (E.D. Cal. March 26, 2007)).

The applicable legal standard is strict. This Court has recently described the Ninth Circuit's legal standard on motions for reconsideration as follows:

> Motions for reconsideration are requests for an "extraordinary remedy," to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello v. United States Gov't, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider

> newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. See Turner v. Burlington North. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).
>
> A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions, see Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

Walker v. City of Pocatello, Case No. 4:15-cv-00498-BLW, 2021 U.S. Dist. LEXIS 168454, *3-4, 2021 WL 4037480 (D. Idaho Sept. 4, 2021) (emphasis added).

## DISCUSSION

ISU argues that the Court did not hold Larson to the burden of proof required under the *McDonnell Douglas* framework. ISU further argues that, with regard to the failure to accommodate claim, "this case could have only been a case involving an alleged or perceived *delay* in providing accommodations, which involves a different analysis." (Doc. 27 at 4). ISU asserts that the analyses it argues for in the instant motion would require the Court to rule in favor of ISU on its motion for summary judgment.

The Court emphasizes that on motions for summary judgment, the Court is required to view the facts in the light most favorable to the nonmoving party in determining whether there exists any genuine issue of material fact. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). In the instant case, the Court viewed the record in the light most favorable to Plaintiff as required; however, ISU's Motion for Reconsideration often appears to ignore or minimize this legal standard. A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to find in favor of the *non-moving* party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

106 S.Ct. 2505 (1986) (emphasis added). As the Court's Order made clear, the record in this case demonstrates that on all elements of Larson's disability claim there is sufficient evidence from which a reasonable jury could find for Larson. The Court addresses each of ISU's arguments below.

**1. Larson made a showing of specific and substantial evidence of discrimination**

ISU asserts that this Court erred in its analysis of the causation elements of Larson's disability claims. Specifically, ISU relies on its assertion that the Court did not apply the *McDonnell Douglass* burden-shifting framework. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093 (9th Cir. 2001).

The purpose of the *McDonnell Douglas* framework is "to bring the litigants and the court expeditiously and fairly to [the] ultimate question" of whether the defendant intentionally discriminated against the plaintiff. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253. (1981). While making out a prima facie case of discrimination is not onerous, it does not relieve the plaintiff of the ultimate burden of persuasion. *Id.* at 253-256. Where the defendant offers evidence of legitimate, non-discriminatory reasons for the alleged discriminatory conduct, "the factual inquiry proceeds to a new level of specificity", wherein the plaintiff must show either that "a discriminatory reason more likely motivated the employer," or "that the employer's proffered explanation is unworthy of credence." *Id.* at 256. *See also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (discussing the standard). Unless the case is the rare sort where there is direct evidence of discrimination, in the Ninth Circuit, this standard requires the plaintiff to put forth specific and substantial circumstantial evidence of pretext to defeat the summary judgment motion. *Mendez v. St. Alphonsus Reg'l Med. Ctr.*, No 1:12-CV-00026-EJL-CWD, 2014 WL 6077608, at

\*24 (D. Idaho Nov. 13, 2014) (*citing Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221-22 (9th Cir. 1998)).

Unconvincingly, ISU appears to argue that the Court did not hold Larson to the burden of showing specific and substantial evidence of pretext. ISU is correct in noting that the Court's Order on Summary Judgment, under the heading labeled "[the] issue of causation…" did not explicitly mention the *McDonell Douglas* burden-shifting framework. There, the Court noted that "*[a]t the very least*," temporal proximity in the instant case was enough to preclude summary judgment. (Doc. 25 at 14)(emphasis added). However, the Court cited and credited facts that show substantial evidence of pretext throughout its Order. ISU cites three "legitimate, nondiscriminatory reasons" for its allegedly discriminatory actions against Larson. The Court again summarizes the facts that, viewed in the light most favorable to Larson, show substantial evidence of pretext.

a. Alleged behavioral issues

First, ISU asserts that Pitcher reprimanded and requested an official inquiry into Larson, not because of discrimination or retaliation but because of supposed "behavioral issues." ISU points out that these issues "predated any of the issues relating to Larson's claims of a disability, requests for accommodation, or filing a complaint with the [IHRC]." (Recon. Brf. at 6).

These alleged "behavioral issues" predated ISU's discriminatory employment actions, by more than three years. (Doc. 20-7 at 19-20). In the first two years after the alleged "behavioral issues" started, ISU found Larson's work performance to be "above expectations" and renewed his contract. (Doc. 20-19 at 5–6; Doc. 20-20 at 7–8). In the last year, 2018, Pitcher again recommended renewing Larson's contract, but for the first time reduced his evaluation to "meets expectations" because "[Larson] missed six days of work" due to his disability. (Doc. 20-21 at 7–9; Doc. 20-2 at 3). Pitcher did not mention any of the alleged "behavioral issues" in any of these

performance evaluations. (Doc. 20-19 at 5–6; Doc. 20-20 at 7–8; Doc. 20-21 at 7–9; Doc. 20-2 at 3).

As Larson argues, it could be concluded that ISU did not consider Larson's later-documented "behavioral problems" to have been a terminable offense, nor less a reason to downgrade his evaluation from "above expectations." This speaks to the very kind of evidence establishing that ISU's alleged "legitimate, nondiscriminatory reasons" for constructively firing him were a pretext for unlawful discrimination. See, e.g., Kotewa v. Living Independence Network Corp., Case No. CV05-426-S-EJL, 2007 U.S. Dist. LEXIS 7886, 29-30 (D. Idaho Feb. 2, 2007) (holding that temporal proximity protected activity and adverse employment action, combined with plaintiff's recent positive performance reviews and evidence that defendant was not going to terminate plaintiff before the alleged legitimate, nondiscriminatory reasons offered by the defendant, are sufficient evidence of pretext to defeat summary judgment) (citing, inter alia, Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

ISU also alleges Pitcher had other legitimate concerns with Larson's attitude and work performance relating to Larson's "recruiting performance." Larson made a sufficient showing of pretext for discrimination here. As the IHRC found, the same reason for Larson's alleged "poor recruiting performance" was his known disability for which—in the light most favorable to Larson—he repeatedly requested accommodation, but which Pitcher repeatedly denied. (Doc. 20-4 at 4–5, 7–8; Doc. 20-1 at 4–6). ISU's stated "nondiscriminatory reason" is therefore self-refuting. It is also refuted by the fact that, within one month of Pitcher's criticism of Larson's allegedly "poor recruiting performance, he found Larson's work performance to "meet expectations" and recommended his contract be renewed. (Doc. 20-21 at 8–9).

### b. Low student enrollment

ISU's next "legitimate, nondiscriminatory reason" for its adverse employment actions against Larson was the reason that student enrollment was low and therefore it had no choice but to require Larson to recruit students, despite Pitcher's knowledge of the difficulties Larson would have with recruitment duties due to his disability. (Recon. Brf. at 6–7). There is sufficient evidence of pretext here as well. There were 11 other ESTEC instructors without disability who could have taken Larson's place. (Doc. 20-6 at 51–52). At the very least, as ISU later admitted, Pitcher could have offered six other accommodations Pitcher could have made but did not, which would have eased the burden of recruiting on Larson's disability. (Doc. 20-25 at 2–3).

### c. Larson was allegedly capable of teaching the ESET 140 course

ISU's third and final allegedly "legitimate, nondiscriminatory reason" for constructively firing Larson was that Larson was capable of teaching the ESET 140 course. The evidence, viewed in a light most favorable to Larson, contradicts this assertion. Pitcher knew Larson had never taught this course before and that he was unqualified to teach it. (Doc. 20-6 at 108–109; Doc. 20-23 at 18, 30–33; Document 20-24 at 33, 39, 45; Doc. 20-5 at 125–129; Document 20-2 at 5–6). Larson had openly declared in department meetings in the past he was not qualified to teach calculus. (Doc. 20-24 at 33, 39, 45; Doc. 20-5 at 114). Larson had never taught or taken any courses in calculus or even precalculus. (Doc. 20-5 at 124–125). Instead the ESET 140 course was allegedly to be taught by Evan Smith or others with an engineering or calculus background. (Doc. 20-24 at 10–11, 43; Doc. 20-5 at 114, 122–123).

The Court cited all the evidence referenced above and concluded that they gave rise to genuine issues of material fact regarding the legal arguments ISU raised in its motion. They likewise give rise to genuine issues of material fact regarding that ISU's proffered legitimate,

nondiscriminatory reasons for its adverse employment actions were a pretext for unlawful discrimination. Consequently, there are no grounds for reconsideration on the basis of *McDonnell Douglas* pretext.

2. **Evidence of temporal proximity is enough to show pretext for retaliation and present a triable issue of causation**

ISU further argues in its motion that temporal proximity was not sufficient to show pretext for retaliation in this case. This argument was made in ISU's briefings on its Motion for Summary Judgment (Doc. 22 at 8-13), which the Court considered and found unpersuasive. The Ninth Circuit does not allow a party to merely reargue its previous arguments in a motion for reconsideration. In any event, ISU asks the Court to ignore existing case law on the subject. The Ninth Circuit has held that "temporal proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." *Dawson v. Entek Intern.*, 630 F.3d 928, 937 (9th Cir. 2011) (citing *Bell v. Clackamas County*, 341 F.3d 858, 865–66 (9th Cir.2003). See also *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731–32 (9th Cir. 1986)). Specifically, the Ninth Circuit has held that "three to eight months is easily within a time range that can support an inference of retaliation." Coszalter v. City of Salem, 320 F.3d 968, 977 (9th Cir. 2003).

ISU's arguments regarding the sufficiency of temporal proximity evidence are the undisguised attempts of the defendant to get a "second bite at the apple" in the instant Motion for Reconsideration. *Weeks* v. Bayer, 246 F.3d at 1236. ISU does not demonstrate or even argue that reconsideration is warranted based on any of one the permissible grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *Turner*, 338 F.3d at 1063 (9th Cir. 2003). Accordingly, there is not merit to ISU's arguments for reconsideration with

respect to the Court's finding that temporal proximity evidence in the instant case is enough to show pretext and present a triable issue of causation for a jury.

### 3. The Court did not err in analyzing Larson's failure to accommodate claims

Lastly, ISU argues that the instant case is not a failure to accommodate case, but a *delay* in accommodation case, because ISU asserts it did provide Larson with accommodations. ISU previously briefed this very argument in its support of its Motion for Summary Judgment. (Doc. 17-1 at 11-13; Doc. 22 at 3). The Court rejected this argument in its Order, in particular because the record did not support the contention that ISU ever actually made any of the accommodations it belatedly offered before Larson was allegedly constructively terminated. ISU maintains that the fact that Larson allegedly "controlled" the date of his termination requires this Court to analyze his claims differently than it ordinarily would in a failure to accommodate case. ISU, however, also notes that the Ninth Circuit has never made this kind of distinction in claims. *See Yarn v. Wilkie*, No. 3:19-CV-0893 W (KSC), 2021 WL 5494319, at *6 (S.D. Cal. Nov. 23, 2021). ISU, once more, does not cite to any applicable case law that would support ISU's argument. Because ISU does not point to any legal reason for the Court to reconsider its Order with respect to its delay of accommodations argument and simply restates the argument in its Motion for Reconsideration, ISU's argument that the Court should reconsider its finding on it is without merit.

### 4. The Court declines to certify its Order for an appeal pursuant to 28 U.S.C. § 1292(b)

ISU alternatively requests permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). "Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct.

2454, 57 L. Ed. 2d 351 (1978)). "The first jurisdictional requirement is that the district court must certify its order for appeal. To do so, it must determine that the order meets the three certification requirements outlined in § 1292(b): '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation.'" *ICTSI*, 22 F.4th at 1130.

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court." ICTSI, 22 F.4th at 1130 (citing Northwestern Ohio Adm'rs v. Walcher & Fox, 270 F.3d 1018, 1023 (6th Cir. 2001) ("Because this is an interlocutory appeal, we have no authority to review the district court's findings of fact, but must confine our review to . . . questions of law."); *Clark-Dietz & Assocs.-Eng'rs v. Basic Const.*, 702 F.2d 67, 69 (5th Cir. 1983) ("[F]act-review questions [are] inappropriate for § 1292(b) review.").

"The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.'" *ICTSI,* 22 F.4th at 1130 (quoting *Reese v. BP Expl. (Alaska) Inc*., 643 F.3d 681, 688 (9th Cir. 2011)). "For example, this prong is satisfied if 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. (quoting *Couch v. Telescope Inc*., 611 F.3d 629, 633 (9th Cir. 2010).

"Finally, the 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI*, 22 F.4th at 1130 (quoting *In re Cement*, 673 F.2d at 1027). "As to the timing

of certification, the district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order." Id. at 1030–31 (citing *In re Benny*, 812 F.2d 1133, 1136-37 (9th Cir. 1987)).

ISU satisfies none of these jurisdictional requirements for interlocutory appeal. All of ISU's arguments raise mere disputes of facts, not controlling issues of law. As discussed above, the only legal issue suggested by ISU's motion is the applicability of the *McDonnell Douglas* analysis, which the Court considered and found that the facts preclude summary judgment. Therefore, there is no "novel legal issue" at hand. Finally, there is no possibility of an interlocutory appeal "appreciably shortening the time, effort, or expense of conducting the district court proceedings." To the contrary, such an appeal would appreciably lengthen the time, effort and expense of this case. Therefore, the Court lacks the jurisdiction to grant ISU's request for interlocutory appeal and denies the request.

## CONCLUSION

For the foregoing reasons, Defendant ISU's Motion for Reconsideration is **DENIED** and its request for the Court to certify its Order on Summary Judgment for appeal is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 11, 2022

        */s/ Douglas Harpool*
        **DOUGLAS HARPOOL**
        **United States District Judge**